IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE INSURANCE COMPANY D/B/A<br>ERIE INSURANCE GROUP,<br><br>      Plaintiff,<br><br>vs.<br><br>THE HOLY SPIRIT CHURCH<br>FOR THE UNIFICATION OF WORLD<br>CHRISTIANITY A/K/A THE HOLY<br>SPIRIT ASSOCIATION FOR THE<br>UNIFICATION OF WORLD<br>CHRISTIANITY,<br><br>      Defendant. | CIVIL ACTION NO.<br><br>1:23-cv-00341 |

## COMPLAINT IN CIVIL ACTION

AND NOW comes Plaintiff, Erie Insurance Company d/b/a Erie Insurance Group, by and through its attorneys, Falk & Associates PC and Charles P. Falk, and alleges as follows:

## THE PARTIES

1. Plaintiff Erie Insurance Company d/b/a Erie Insurance Group (hereinafter "Erie") is a Pennsylvania property and casualty insurance company with a principal place of business located at 100 Erie Insurance Place, Erie, Pennsylvania 16530.

2. Defendant The Holy Spirit Church for the Unification of World Christianity a/k/a The Holy Spirit Association for the Unification of World Christianity (hereinafter "the Church") is a religious organization which follows the teachings of the Reverend Sun Myung Moon and has its principal place of business at 4 West 3rd Street, New York, New York 10036.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the subject matter of this case under 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. In addition, the Agreement entered into by the parties and sought to be enforced in this matter provides that the Church agrees to submit itself to the personal and subject matter jurisdiction of this Court.

4. Venue properly lies in this judicial district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims arose in this district and the Agreement entered into by the parties and being sought to be enforced provides for venue in this judicial district.

## OPERATIVE FACTS

5. On January 14, 1979, Doris Lopez, now known as Doris Lopez Caimi (hereinafter "Caimi"), an uninsured pedestrian, was struck and injured by a motor vehicle.

6. Caimi subsequently filed a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania to recover Pennsylvania no-fault motor vehicle insurance benefits from Erie.

7. In connection with that litigation, Erie asserted a claim that to the extent Erie was responsible for payment of no-fault motor vehicle insurance benefits to Caimi, Erie was entitled to reimbursement of said payments from the Church.

8. The above-referenced litigation was ultimately settled pursuant to a Court approved settlement whereby, <u>inter alia</u>, the Church entered into an Agreement (hereinafter "the Agreement") to reimburse Erie for any and all sums Erie paid after the date of the Agreement to or on behalf of Caimi pursuant to the court approved settlement of her no-fault claim.

9. A true and correct copy of the Motion to Approve Settlement with Court approved Agreement as referenced above is attached hereto as Exhibit "A".

10. For calendar year 2021, Erie has paid the sum of $81,679.23 to or on behalf of Caimi pursuant to the above-referenced court approved settlement.

11. For calendar year 2022, Erie has paid the sum of $94,174.36 to or on behalf of Caimi pursuant to the above-referenced court approved settlement.

12. Despite demand for payment for said calendar years, the Church has failed to reimburse Erie for the aforementioned payments.

13. In addition, for calendar year 2023, as of November 8, 2023, Erie has paid the sum of $116,944.13 to or on behalf of Caimi pursuant to the above-referenced court approved settlement.

14. Under the terms of the Agreement, in the event the Church defaults in payment of monies due to be paid to Erie, Erie is entitled to interest at the legal rate in Pennsylvania.

15. In addition, the Agreement provides that if Erie is required to institute a legal action to collect reimbursement from the Church, its damages shall include entitlement to recover attorneys' fees in the amount of one-third of the benefits it has paid, together with accrued interest at the legal rate in Pennsylvania and costs incurred in bringing the action.

## CAUSE OF ACTION

BREACH OF CONTRACT – COURT APPROVED SETTLEMENT AGREEMENT

16. The averments of Paragraphs 1-15 of Plaintiff's Complaint are incorporated by reference as if fully set forth herein.

17. Based on the Church's failure to reimburse Erie for the payments Erie has made to or on behalf of Caimi for the period commencing January 1, 2021 to the present, the Church has breached the court approved Agreement entered into with Erie.

18. As a result of the Church's breach of the Agreement, Erie has been damaged in the amounts it has paid to or on behalf of Caimi in no-fault payments from January 1, 2021 to the present.

19. As such, Erie has suffered damages in the amount of $81,679.23 for calendar year 2021 and $94,174.36 for calendar year 2022.

20. In addition, for calendar year 2023, Erie has paid out $116,944.13 to or on behalf of Caimi as of November 8, 2023 which will also be due and payable by the Church, along with the Church's obligation to reimburse Erie for ongoing payments made by Erie on and after November 8, 2023.

21. In addition to entitlement to reimbursement for the above-mentioned payments, Erie is entitled to interest on the unpaid monies due at the legal rate, costs plus attorneys' fees in the amount of one third of the benefits paid.

WHEREFORE, Plaintiff Erie Insurance Company d/b/a Erie Insurance Group demands judgment in its favor in the amount of $81,679.23 plus interest for its payments made for calendar year 2021, judgment in the amount of $94,174.36 plus interest for its payments made for calendar year 2022, judgment in the amount of $116,944.13 for its payments made for

calendar year 2023 through November 8, 2023, judgment as to any payments made on and after November 9, 2023, counsel fees in the amount of one third of the amounts paid, with said one third counsel fees totalling $97,599.24 as of November 9, 2023, together with costs.

                                        Respectfully submitted,

                                        FALK & ASSOCIATES PC

                                        /s/Charles P. Falk_____
                                        Charles P. Falk, Esquire
                                        Pa. I.D. #31268
                                        429 4th Avenue, Suite 902
                                        Pittsburgh, PA  15219
                                        Telephone: (412) 391-9600
                                        Fax: (412) 391-9645
                                        Email: cfalk@solomonlegal.com

                                        Counsel for Plaintiff