# EXHIBIT A

500150335830

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| DORIS LOPEZ,<br><br>    Plaintiff,<br><br>-vs-<br><br>UNIVERSAL UNDERWRITERS<br>INSURANCE COMPANY,<br><br>    Defendants,<br><br>-vs-<br><br>ERIE INSURANCE GROUP,<br><br>    Additional<br>    Defendant.<br>------------------------------<br><br>DORIS LOPEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>ERIE INSURANCE GROUP,<br><br>    Defendant,<br><br>vs.<br><br>HOLY SPIRIT CHURCH FOR THE<br>UNIFICATION OF WORLD CHRISTIANITY,<br>INC. and CHARIOT RENT-A-CAR, a/k/a<br>CHARIOT LEASING, INC.,<br><br>    Additional<br>    Defendant. | CIVIL ACTION<br><br>No. G.D. 80-21318<br>(consolidated with G.D. 80-21317)<br><br>Issue No. 130946<br><br>MOTION TO APPROVE SETTLEMENT<br><br><br>Code: 010-Assumpsit<br><br>Filed on Behalf of Defendant<br>ERIE INSURANCE GROUP<br><br>Counsel of Record for This<br>Party:<br><br>LOUIS C. LONG, ESQUIRE<br>Pa. I.D. #32615<br><br>MEYER, DARRAGH, BUCKLER,<br>BEBENEK & ECK<br>FIRM #198<br>2000 The Frick Building<br>Pittsburgh, PA  15219<br><br>(412) 261-6600 |

COURT OF COMMON PLEAS

Jan 5  3 06 PM '06

FILED

## MOTION TO APPROVE SETTLEMENT

AND NOW, come Erie Insurance Group, Universal Underwriters Insurance Company, Chariot Rent-A-Car, Inc., Chariot Leasing, Inc., and the Holy Spirit Church for the Unification of World Christianity, Inc., by their respective counsel, and hereby move this Honorable Court to approve their settlement agreement and, in support thereof, they state as follows:

1. Doris Lopez, now known as Doris Lopez Caimi, an uninsured pedestrian, was struck and injured by a motor vehicle on January 14, 1979.

2. Her claims for no-fault motor vehicle insurance benefits were presented to and denied by Universal Underwriters Insurance Company and the Erie Insurance Group, respectively.

3. Pursuant to a summary judgment rendered by the Honorable Marion K. Finkelhor and a court-approved settlement agreement, the Erie Insurance Group has undertaken responsibility to provide no-fault benefits to Doris Lopez Caimi. The summary judgment and the court-approved settlement were without prejudice, however, to Erie's right of reimbursement from the other defendants in these cases.

4. The case is presently listed for trial during the January, 1988 trial term and the only issues to be tried concern the rights of reimbursement asserted by the Erie Insurance Group.

5. Petitioners have entered into a settlement agreement, a true and correct copy of which is attached hereto and incorporated herein as Exhibit A. The agreement does not prejudice Doris Lopez Caimi's right to collect no-fault benefits from the Erie Insurance Group, but it does resolve the remaining issues in the case.

6. Court approval that the agreement attached hereto as Exhibit A is in the best interests of the litigants, will conserve judicial resources, and will further the public policies inherent in the no-fault act and the encouragement of amicable resolutions to disputed claims.

7. Counsel for all of the parties agree to the granting of this motion.

WHEREFORE, Erie Insurance Group, Universal Underwriters Insurance Company, Chariot Rent-A-Car, a/k/a Chariot Leasing, Inc., and the Holy Spirit Church for the Unification of World Christianity,

Inc., respectfully request that this Honorable Court enter an order approving the settlement of this action.

        Respectfully submitted,

        MEYER, DARRAGH, BUCKLER,
        BEBENEK & ECK

By: _____
        LOUIS C. LONG, ESQUIRE
        Counsel for Defendant,
        Erie Insurance Group

        EGLER, ANSTANDIG & GARRETT

By: _____
        LISA M. TURGEON, ESQUIRE
        Counsel for Defendants,
        Universal Underwriters and
        Chariot Rent-A-Car

By: _____
        ARNOLD M. HOROVITZ, ESQUIRE
        Counsel for Defendant,
        Holy Spirit Church for
        the Unification of World
        Christianity, Inc.

## AGREEMENT

This agreement is made on December __, 1987, between Erie Insurance Group (hereinafter referred to as Erie), Universal Underwriters Insurance Company (hereinafter referred to as Universal Underwriters), Chariot Rent-A-Car, Inc. a/k/a Chariot Leasing, Inc. (hereinafter referred to as Chariot) and the Holy Spirit Church for the Unification of World Christianity, Inc. (hereinafter referred to as the Church).

WHEREAS, Doris Lopez, now known as Doris Lopez Caimi, was injured when struck by an automobile on January 14, 1979; and

WHEREAS, the vehicle was owned by Chariot, allegedly insured by Universal Underwriters, and leased to Erie's insured; and,

WHEREAS, claims were made and suits were brought by Doris Lopez against Universal Underwriters and Erie for benefits pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101, et seq.; and,

WHEREAS, Erie asserted claims against Chariot, Universal Underwriters and the Church; and

WHEREAS, Universal Underwriters and Chariot asserted claims against Erie; and

WHEREAS, the Court of Common Pleas of Allegheny County entered a summary judgment against Erie, finding Erie to be liable for the payment of Doris Lopez's no-fault benefits; and

WHEREAS, the summary judgment entered against Erie was without prejudice to its claims against Universal Underwriters, Chariot, and the Church; and

WHEREAS, Erie subsequently entered into a court-approved settlement agreement with Doris Lopez; and

WHEREAS, Erie has paid and will continue to pay no-fault benefits to or on behalf of Doris Lopez; and

WHEREAS, the parties hereto desire to settle and compromise the claims, demands or causes of action arising from or relating to the aforesaid automobile accident and no-fault claim,

NOW, THEREFORE, in consideration of the covenants expressed in this agreement and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the parties mutually agree as follows:

1. Erie hereby fully releases and discharges Chariot, its successors and assigns from all rights, claims, demands, or causes of action which Erie now has or may hereafter have against Chariot arising out of or in any way related to the automobile accident which occurred on or about January 14, 1979 and Erie's payment of no-fault benefits to or on behalf of Doris Lopez.

2. Erie hereby fully releases and discharges Universal Underwriters, its successors and assigns from all rights, claims, demands, or causes of action which Erie now has or may hereafter have against Universal Underwriters arising out of or in any way related to the automobile accident which occurred on or about January 14, 1979 and Erie's payment of no-fault benefits to or on behalf of Doris Lopez.

3. Erie hereby fully releases and discharges the Church, its successors and assigns from all rights, claims, demands, or causes of action which Erie now has or may hereafter have against the Church arising out of or in any way related to the automobile accident which occurred on or about January 14, 1979 and Erie's payment of no-fault benefits to or on behalf of Doris Lopez.

4. Chariot and Universal Underwriters hereby fully release and discharge Erie, its successors and assigns from all rights, claims, demands, or causes of action which Chariot and Universal

Underwriters now have or may hereafter have against Erie arising out of or in any way related to the automobile accident which occurred on or about January 14, 1979 and the no-fault claim of Doris Lopez.

5. Chariot and Universal Underwriters hereby fully release and discharge the Church, its successors and assigns from all rights, claims, demands, or causes of action which Chariot and Universal Underwriters now have or may hereafter have against the Church arising out of or in any way related to the automobile accident which occurred on or about January 14, 1979 and the no-fault claim of Doris Lopez.

6. The Church hereby fully releases and discharges Chariot, Universal Underwriters and Erie, their successors and assigns from all rights, claims, demands, or causes of action which the Church now has or may hereafter have against Chariot, Universal Underwriters and Erie arising out of or in any way related to the automobile accident which occurred on or about January 14, 1979 and the no-fault claim of Doris Lopez.

7. The parties acknowledge and agree that, by entering into this agreement and by giving the consideration recited herein, they do not admit liability and liability is expressly denied.

8. The parties agree to the entry of a judgment in favor of Chariot and Universal with respect to Erie's claims against them and judgments in favor of Erie with respect to the claims of Chariot and Universal.

9. Charlot and Universal Underwriters agree to pay Erie the sum of $500.00 within ten (10) days of the date of this agreement. If Charlot and/or Universal Underwriters fail or refuse to pay Erie the aforesaid sum, paragraphs 1, 2 and 7 of this agreement are null and void.

10. The Church consents to the entry of a judgment in favor of Erie in the amount of $18,000 and it acknowledges that the rights, duties, and obligations established by this agreement shall survive the entry of that judgment and shall not merge into that judgment. The Church agrees to pay Erie the sum of $18,000 in four equal bi-monthly installments of $4,500. The first such installment will be due on or before February 1, 1988. If the Church fails or refuses to pay any installment when due, then the entire unpaid principal balance, together with interest, shall, at the option of Erie and without notice to the Church, become due and payable immediately with interest. After the default and acceleration and until the Church's indebtedness to Erie is paid in full, interest shall accrue at the legal rate. After default and acceleration, Erie may, at its option and without notice to the Church, institute any legal actions or proceedings to enforce or collect its judgment. The Church shall also be liable to Erie for attorneys' fees for collection in the amount of one-third of the total amount then due by the church to Erie and the cost incurred by Erie in connection with any such proceedings.

11. The Church expressly assumes and shall be subject to all of the rights, duties, and obligations of Erie under the aforesaid

Page 5 of 11

court-approved settlement agreement between Erie and Doris Lopez as if the Church had itself incurred them. In addition, the Church agrees to reimburse Erie for any and all sums it shall pay, after the date of this agreement, to or on behalf of Doris Lopez pursuant to the aforesaid court-approved settlement of her no-fault claim. On a semi-annual basis, commencing July 1, 1988, Erie will submit to the Church documentation of expenses claimed by or on behalf of Doris Lopez as well as any medical reports or other supporting materials, and a copy of the drafts evidencing that payment was, in fact, made by Erie to or on behalf of Doris Lopez. The Church agrees to pay Erie within thirty (30) days of Erie's mailing of the aforesaid materials. If the Church does not pay Erie within the thirty (30) day time period, the failure will constitute an event of default and interest will accrue at the legal rate in Pennsylvania from the thirty-first day after mailing until the date of payment.

12. If Erie is required to institute a legal action to collect reimbursement from the Church, its damages shall include and it will be entitled to recover attorneys' fees in the amount of one-third of the benefits it paid, together with accrued interest at the legal rate, as aforesaid. Erie will also be entitled to recover its costs in bringing any such action.

13. The Church hereby irrevocably authorizes and empowers any attorney or attorneys or the prothonotary or clerk of any court of

record in the Commonwealth of Pennsylvania, or elsewhere, to appear for the Church in any such court in an appropriate action brought against the Church and to confess judgment against the Church for all sums due by the Church together with interest, costs of suit and attorneys' fees for collection. This agreement or a copy of this agreement verified by affidavit shall be a sufficient warrant. This warrant of attorney shall be effective only after an event of default.

14. This agreement shall bind and inure to the benefit of the parties and their respective heirs, personal representatives, successors and assigns. The parties agree that they will execute all instruments and documents and will take all steps that may be necessary to implement and carry into effect provisions of this agreement.

15. All of the agreements, understandings and obligations contained in this agreement that expressly or impliedly continue shall survive the execution and termination of this agreement and the entry of the judgments as set forth herein.

16. If any of the provisions, terms or conditions of this agreement are held to be invalid or unenforceable, the remaining provisions, terms and conditions that can be given effect without the invalid or unenforceable part of the agreement shall remain in full force and effect.

17. This agreement and all of its terms shall be construed, performed and enforced in accordance with the laws of the Commonwealth of Pennsylvania.

18. Any action arising from or relating to this agreement can be brought in and only in the United States District Court for the Western District of Pennsylvania. The Church hereby agrees to submit itself to the personal and subject matter jurisdiction of the United States District Court for the Western District of Pennsylvania or any court of the Commonwealth of Pennsylvania.

19. The remedies of Erie provided in this agreement or otherwise available to Erie at law or in equity and the warrants of attorney herein or therein contained, shall be cumulative and concurrent, and may be pursued singly, successively, and together at the sole discretion of Erie, and may be exercised as often as occasion therefore shall occur. The failure to exercise any right or remedy shall in no way be construed as a waiver or release of that right or remedy.

20. The Church hereby releases Erie and the attorney or attorneys from all errors, defects and imperfections in entering judgment by confession, issuing any process, or instituting any proceedings relating to the confession of judgment. The Church also waives all benefit that might accrue by virtue of any present or

future laws exempting any Church property, real or personal, or any part of the proceeds arising from any sale of any such property, from attachment, levy or sale under execution, or providing any stay of execution, exemption from civil process or extension of time. The Church agrees that the property may be sold to satisfy any judgment entered on this agreement, in whole or in part, and in any order that may be desired by Erie. Except as otherwise required by the terms of this agreement, the Church waives presentment for payment, demand, notice of demand, notice of non payment or dishonor, protest and notice of protest of this agreement, and all other notices in connection with the delivery, acceptance, performance, default or enforcement of this agreement. Liability under this agreement shall be unconditional and shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Erie.

21. Any notices or correspondence to Erie shall be sent by certified mail, return receipt requested, and addressed to:

>   Erie Insurance Group
>   100 Erie Insurance Place
>   P.O. Box 1699
>   Erie, PA   16530

Attention:  Mr. R. J. Wisniewski

22. Any notices or correspondences to the church shall be sent by certified mail, return receipt requested, and addressed to

23. Any notices or correspondences to Universal Underwriters or to Chariot shall be sent by certified mail, return receipt requested, addressed to or in care of:

> Lisa Turgeon, Esquire
> 2100 Lawyers Building
> Pittsburgh, PA 15219

24. This agreement may be executed in one or more counterparts each of which shall be considered an original, and all of which taken together shall constitute one and the same agreement.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals the day and date first above written.

ERIE INSURANCE GROUP

Attest:_____   By: _____
                                     RICHARD J. WISNIEWSKI
                                     Assistant Vice-President

UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Attest:_____   By:_____

CHARIOT RENT-A-CAR, INC. a/k/a CHARIOT LEASING, INC.

Attest:_____   By:_____

23. Any notices or correspondences to Universal Underwriters or to Chariot shall be sent by certified mail, return receipt requested, addressed to or in care of:

> Lisa Turgeon, Esquire
> 2100 Lawyers Building
> Pittsburgh, PA 15219

24. This agreement may be executed in one or more counterparts each of which shall be considered an original, and all of which taken together shall constitute one and the same agreement.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals the day and date first above written.

ERIE INSURANCE GROUP

Attest:_____   By:_____
                                  RICHARD J. WISNIEWSKI
                                  Assistant Vice-President

                                  UNIVERSAL UNDERWRITERS INSURANCE
                                  COMPANY

Attest:_____   By:_____
                                     Regional Claims Mgr

                                  CHARIOT RENT-A-CAR, INC. a/k/a
                                  CHARIOT LEASING, INC.

Attest:_____   By:_____

Page 10 of 11

HOLY SPIRIT CHURCH FOR THE
UNIFICATION OF WORLD
CHRISTIANITY, INC.

Attest: _____    By: _____

## COURT ORDER

AND NOW, this _____ day of _____, 1988, upon consideration of the foregoing Motion to Approve Settlement, it is hereby ORDERED, ADJUDGED, and DECREED that the motion be and hereby is granted and the agreement, a copy of which is attached to the aforesaid motion as Exhibit A, be and hereby is approved by the Court and all of the terms and conditions set forth in the aforesaid agreement (Exhibit A) be and hereby incorporated into and made a part of this Order, as if set forth herein at length.

BY THE COURT:

_s/ Cusmano_____ J.

Consented to:

_Charles H. Alpern_
CHARLES H. ALPERN, ESQUIRE

_Louis C. Long_
LOUIS C. LONG, ESQUIRE

_Lisa L. Turgeon_
LISA TURGEON, ESQUIRE

_Arnold M. Horovitz_
ARNOLD M. HOROVITZ, ESQUIRE